CORR v. TRUSTEES OF INDIANA UNIVERSITY

[No. 16,764. Filed May 26, 1941.]

*Regester & Regester,* of Bloomington, for appellant.

*White, Wright & Boleman, Glenn W. Pierce,* and *William E. Hart,* all of Indianapolis, for appellee.

CURTIS, J.—This is an appeal to this court from a final finding and award of the full Industrial Board of Indiana from which finding and award we quote the salient parts as follows:

"And the full Industrial Board of Indiana having heard the argument of counsel, having read the evidence, and being duly advised therein, now finds: that on April 15, 1938, while in the employ of the defendant at an average weekly wage in excess of $30.00, plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendants had knowledge and furnished medical attention; that a compensation agreement was approved June 25, 1938, providing for the payment of compensation at the rate of $16.50 a week during temporary total disability not exceeding the period fixed by law, beginning April 29, 1938. Said agreement, among other things, stipulated that plaintiff's total disability ended on May 31, 1938 and that the said injury resulted in a temporary total disability of five and four-sevenths weeks; that on June 20, 1938, plaintiff signed a final receipt showing the total payment of $75.43, said receipt further reciting that plaintiff returned to work May 31, 1938, at a wage of $38.41; that on July 14, 1939, on motion of the plaintiff, an order was entered dismissing plaintiff's application for the adjustment of a claim for compensation, filed December 3, 1938; that on July 13, 1939, plaintiff filed his petition to set aside stipulation, which is in the word and figures as follows, towit: (H. I.) ; that on July 13, 1939, plaintiff filed his application for a review of an award on account of a change in conditions, alleging that the disability of said employee on account of said

injury has recurred since the date of said award; that the disability of said employee on account of said injury has increased since the date of said award; that said injury has resulted in a permanent partial impairment; that said permanent partial impairment has increased since the date of said award.

"And the full Industrial Board of Indiana by a majority of its members, now finds for the defendants on plaintiff's petition to set aside the stipulation, that there was no fraud or mistake incident to the signing of the agreement approved June 28, 1938.

"The full Industrial Board of Indiana further finds by a majority of its members for the defendants as against the plaintiff on plaintiff's application for the review of an award on account of a change in conditions, filed July 13, 1939, that more than one year has expired since the final date of payment under the original agreement, and at the time of the filing of plaintiff's application to review.

## AWARD

"It is therefore considered and ordered by the full Industrial Board of Indiana by a majority of its members that plaintiff's petition to set aside the stipulation, filed July 13, 1939, is denied, and that plaintiff shall take nothing by his application for the review of an award on account of a change in conditions filed July 13, 1939."

The stipulation referred to in the finding above set out is as follows:

"It is hereby stipulated and agreed by and between the parties named in this agreement that the said Henry W. Corr was in the employ of the Trustees of Indiana University, Bloomington, Indiana, on April 15, 1938, at an average weekly wage of $38.41 per week, that on said date the said Henry W. Corr received an accidental injury arising out of and in the course of his employment of which the employer had knowledge and furnished the reasonable and necessary medical attention for the treatment of said injury.

"It is now stipulated and agreed by and between the employee and employer that as a result of said

injury the employee's temporary total disability ended on May 31, 1938, and that the said injury resulted in a temporary total disability of 5-4/7 weeks.

"It is further stipulated and agreed that on and prior to April 15, 1938, the said Henry W. Corr, employee named herein, was and had been suffering from a heart disease which he had prior to April 15, 1938, and which may in the future cause periods of disability or impairment and which may even result in death of the employee named herein.

"It is further stipulated and agreed that the said heart disease was not in any way aggravated, accelerated or activated by the injury received on April 15, 1938, and that the sole and only disability or impairment resulting from said injury was a temporary total disability of 5-4/7 weeks for which compensation is being paid by this employer.

"By agreement of the parties herein named this stipulation is to become a part of the agreement to which it is attached and is respectfully submitted to the Industrial Board by the parties for their approval.

"Dated this 10th day of June, 1938."

The said stipulation was signed by the parties and filed with and approved by the Industrial Board June 25, 1938. The petition to set it aside was filed on July 13, 1939. At the same time, the appellant filed his application for a review of the original award on account of alleged change in conditions, all as shown in the finding and award of the full board heretofore set out. The petition to set aside the said stipulation contains, among other allegations, the allegations that it was procurred through fraud and mistake and that it was in violation of the statute against the making of any contract to relieve the employer of an obligation of the Workmen's Compensation Act. See, § 40-1215, Burns' 1940 Replacement.

Our attention has been called by the appellant to the fact that the said application of the appellant for a

review of the award, which he filed July 13, 1939, as noted by the full Industrial Board in its finding, was amended by the appellant after filing by striking therefrom any claim for permanent, partial impairment, and that the only question presented to the board as to any injury was an alleged recurrence and increase of disability. The fact that the amendment was made was evidently inadvertently omitted from the finding of the full board, but no harm to the appellant has come from the omission.

No special answers were filed by the appellee.

The questions for review are duly presented by the assignment that the award of the full Industrial Board is contrary to law.

The question as to whether or not there was fraud or mistake in the procurement of the stipulation was a question of fact for the Industrial Board. The finding on that matter is sustained by competent evidence, and, therefore, this court will not disturb it. We do not look upon the stipulation as a violation of the statute. While it may have contained some redundant and immaterial matter in so far as the instant case is concerned, yet it did, by agreement of the parties, fix the time of termination of the original award. In the class of awards such as we have in the instant case, where, from the nature of the case, it is impossible in the first instance to fix and determine the length of time for which disability compensation shall be paid, it is proper for the parties, with the consent of the board, to agree later upon the proper time when the compensation shall terminate. There being found no fraud, mistake, or overreaching, such agreement will then stand until modified by an appropriate proceeding under § 40-1410, Burns' 1940 Replacement, being the

"continuing power" section of the Workmen's Compensation Act.

The section of the Indiana Workmen's Compensation law last referred to gives the Industrial Board continuing power and jurisdiction over each case from time to time on account of a change in conditions, allowing the board as it shall deem best to "make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded . . . " But "the board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of one year from the termination of the compensation period fixed in the original award."

The record in the instant case shows that the application herein was filed too late, to wit, on July 13, 1939, which was more than one year after the termination of the compensation period. It follows that the full board was correct in its finding that it was without jurisdiction to grant the relief prayed, it having previously decided upon competent evidence that there was no fraud, overreaching, or mistake in the proceedings. While the language of the full board, "that more than one year has elapsed since the final date of payment under the original agreement," is not carefully worded, yet it can mean but one practical thing, to wit, that the one year provision of the statute for review commenced to run at the time the said stipulation of the parties was approved by the board. This finding is correct.

Award affirmed.

NOTE.—Reported in 34 N. E. (2d) 136.